### EX PARTE D. H. MABRY.

1. CONSTITUTIONAL LAW — DOG-TAX. — By the third section of the act of 1876, entitled "An act to levy a tax on the privilege of keeping or harboring dogs, and to provide for the assessment and collection of the same," a failure to pay the tax imposed by the first section is made a misdemeanor. *Held*, that this provision is not in violation of section 35, article 3, of the Constitution of 1876, which declares that no bill shall contain more than one subject, which shall be expressed in its title, and that if any subject embraced in an act be not expressed in its title, the act shall be void *pro tanto*.

2. SAME. — The said act embraces but one subject, and the provisions of its third section are subsidiary to that subject, and are embraced in the title of the act.

3. TITLE OF ACTS. — It is settled in this State that the provisions of the Constitution in regard to the titles of legislative acts are mandatory, and not merely directory; but in the application of them a liberal construction obtains, with the view of sustaining the validity of legislative enactments.

4. CONSTITUTIONAL LAW. — The Federal government being one of enumerated powers, the constitutionality of an act of Congress is to be tested by the *grant* of powers contained in the Federal Constitution; but the State governments are presumed to be invested with general power of legislation, and, therefore, in determining whether an act of a State Legislature is in violation of its Constitution, the inquiry is directed to the *limitations* imposed on the Legislature by the terms of the Constitution. See the opinion *in extenso* on this subject.

5. HABEAS CORPUS. — The writ of *habeas corpus* is not available to effect the purposes of an appeal, *certiorari*, or *supersedeas*.

APPEAL from the County Court of Ellis. Tried below before the Hon. J. D. TEMPLETON, County Judge.

*E. P. Anderson*, and *Hancock, West & North*, for relator, insist that section 3 of the act of 1876 (p. 198, ch. 117) is obnoxious to section 35 of article 3 of our Constitution, and is void, as it contains a different subject-matter, provides a different remedy, and has a different end and object than the balance of the act, citing sections 1, 2, 3, of the act. See Pasc. Dig., 67, sec. 24, note 199; *Cannon* v. *Hemphill*, 7 Texas, 208; *San Antonio* v. *Gould*, 34 Texas, 49; *Giddings* v. *San Antonio*, 47 Texas, 548; Pasc. Dig., art. 2400; *The State* v. *Stadle*, 41 Texas, 404; *Bell* v. *The State*, 42 Texas, 306; *The State* v. *McCracken*, 42 Texas, 386; *Gaston* v. *McKnight*, 43 Texas, 624; Cooley's Const. Lim, 2d ed., 81, 82, 130, 131, 141-150.

Said act is void because it is vague and uncertain, and does not give any court jurisdiction; especially does it not give it to a justice of the peace, as the penalty may be over $200. See Const. 38, art. 5, sec. 19; Pasc. Dig., arts. 2271, 2345; 1 Bishop's Cr. Law, 51, 54, 55. Said section 3, while it provides for arrest and imprisonment, does not merge the tax into the fine, but still leaves it due, and is nothing more nor less than imprisonment for debt. Const. 6, art. 18.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant, having been arrested by the sheriff on a warrant issued by a justice of the peace, which required him to answer the State " on a charge of unlawfully failing to pay, on or before the first day of January, 1878, the tax assessed against him for keeping, owning, and harboring *one certain dog*, in said county, for the year 1877," sued out a writ of *habeas corpus* before the county judge.

In his petition the applicant avers that the *capias* or warrant under which the arrest was effected is void, and of no effect, " because the offence for which he is alleged to be arrested, and so restrained of his liberty, is not known of to the laws of Texas, are unconstitutional and void; and, furthermore, that if there was such offence as the one mentioned in said *capias* known to the laws of the State, that said N. G. Davis has no jurisdiction of the same, and his acts are void."

The sheriff answered, admitting that he held the applicant in custody, and pleaded the warrant of arrest in justification of his acts.  On a hearing, the county judge refused to release the prisoner, and remanded him back into the custody of the sheriff; and from the action of the county judge this appeal is taken.

The judgment recites that the two principal objections of the relator to his arrest are, first, as to the constitutionality of the act under which the *capias* was issued ; and, second, as to the jurisdiction of the justice of the peace who issued the *capias*.  Counsel for the appellant, in their brief, say that the grounds upon which they rely in order to defeat the arrest are, first, that the third section of the act of 1876 is in violation of section 35, article 3, of the Constitution ; and, second, that this third section is vague and uncertain, and does not give any court jurisdiction ; especially does it not give it to a justice of the peace, as the penalty *may* be over $200.

The section of the Constitution it is claimed the act under consideration is in violation of declares that (except general appropriation bills, which may embrace various subjects and accounts for and on account of which moneys are appropriated) " no bill    *    *    *    shall contain more than one subject, which shall be expressed in the title.  But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The title of the act is in this language : " An act to levy a tax on the privilege of keeping or harboring dogs, and to provide for the assessment and collection of the same." The third section of the act is as follows : " That if any person shall keep a dog that has been assessed for taxes under the act, and shall fail to pay the tax on the same on or before the first day of January next after said assessment is made, he or she shall be guilty of a misdemeanor, and, upon conviction thereof in any court of competent jurisdiction, shall be fined not less than five dollars and costs for each dog so kept. And it is hereby made the duty of county attorneys to prosecute, upon their own motion, all delinquent tax-payers under this act."

In *Ex parte Cooper*, 3 Texas Ct. App. 489, this court held that the act under consideration was not obnoxious to the provisions of the Constitution ; that, under the general police power of the State, the Legislature had authority to impose upon persons owning or harboring dogs a tax for the privilege, and to apply the revenue arising therefrom to the maintenance of the public schools of the county.

It is, therefore, to the precise questions raised below and insisted upon in argument here that we propose briefly to devote attention, to wit : First, is the third section of the act, as copied above, contrary to the section of the Constitution above quoted? In other words, does this section contain a different subject from that embraced in the *title* of the act? And, secondly, had the justice of the peace jurisdiction?

The first and most material inquiry is to determine what is the subject embraced in the title of the act.

Many adjudications have been made by the courts of last resort in Texas, under provisions of former constitutions having provisions similar to that of the present Constitution. Most of them arose under that of 1869, it being therein declared : "Every law enacted by the Legislature

shall embrace but one object, and that shall be expressed in the title.'' Gen. Prov., sec. 17. It will be noticed that, whilst the Constitution of 1869 prohibits the enactment of laws embracing more than one *object*, the present Constitution prohibits the enactment of laws embracing more than one *subject*. It will be sufficient for our present purpose to treat the two words as being equivalent to each other, and hence not necessary to inquire whether it was the intention or effect to enlarge or restrict the legislative grant by the employment of the word *subject* instead of the word *object*.

It is well settled that an act may be constitutional in part and unconstitutional in part; and this is plainly indicated in the latter portion of the article above set out, to the effect that '' if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.'' So that the general tenor and scope of the act in question may be not obnoxious to constitutional objection, yet if this third section is found to embrace a subject not expressed in the title of this act, that section must be held void on the ground that the subject of the section was not so expressed. Cooley's Const. Lim. 177.

In the investigation of authorities on these subjects, the distinction recognized by courts and elementary writers in regard to the constitutional powers of the United States and the like powers of the States is: The government of the United States is one of *enumerated* powers; the governments of the States are possessed of all the general powers of legislation. When a law of Congress is assailed as void, we look to the national Constitution to see if the grant of specified powers is broad enough to embrace it; but when a State law is attacked on the same ground, it is presumably valid in any case; and this presumption is a conclusive one unless, in the Constitution of the United States or of the State, we are able to discover that it is prohibited. We

look in the Constitution of the United States for *grants* of legislative power, but in the Constitution of the State to ascertain if any *limitations* have been imposed upon the complete power with which the legislative department of the State was invested in its creation.   Cooley's Const. Lim. 173.   It has been said that, in deciding upon the constitutionality of a law, a statute will not be declared void unless the nullity and invalidity of the act are placed, in the judgment of the court, beyond a reasonable doubt.   Id. 182 ; *Embry* v. *Connor*, 3 N. Y. 518.   A reasonable doubt must be solved in favor of the legislative action, and the act be sustained.   See a number of cases in note 3 to page 182, above cited from Cooley.

" The constitutionality of a law, then, is to be presumed because the Legislature, which was first required to pass upon the question, acting, as they must be deemed to have acted, with integrity, and with a just desire to keep within the restrictions laid by the Constitution upon their action, have adjudged that it is so." Id. 183.   And, " as a conflict between the statute and the Constitution is not to be implied, it would seem to follow, when the meaning of the Constitution is clear, *that the court, if possible, must give the statute such a construction as will enable it to have effect.*" Id. 184.   " Whenever an act of the Legislature can be so construed and applied as to avoid a conflict with the Constitution, and give it the force of law, such construction will be adopted by the courts." *Newland* v. *March*, 29 Ill. 384.

Now, while similar provisions have been held in some States to be directory, yet in Texas the provision against inserting in an act something not expressed in the title has been held to be mandatory, since the case of *Cannon* v. *Hemphill*, 7 Texas, 208.   Still, in application to statutes, the construction has been a liberal one.   In *Giddings* v. *San Antonio*, 47 Texas, 548, Roberts, C. J., after discussing at length the rule of construction and its origin,

and citing the rule of construction as laid down in *Cannon* v. *Hemphill*, says : " While this has been regarded as the general rule of construction here, in its application the most liberal construction has been given by the Supreme Court of this State, in accordance with the general current of authority, to make the whole law constitutional when the part objected to as infringing the provisions of the Constitution would be considered as appropriately connected with, or subsidiary to, the main object of the act as expressed in the title, which may be seen by reference to a number of cases, which have been decided *pro* and *con*, involving the question ;" citing a number of cases, and among them those relied on by the appellant's counsel to support a contrary view.

We make the following extract from the opinion of the court in *Davey* v. *Galveston County*, 45 Texas, 291, delivered by the present chief justice :

" It is also insisted that the act is unconstitutional because it embraces two objects, both of which are embraced in the title. The number of cases in which the court has been called upon to consider similar objections to other laws renders it necessary to say but little more than that this objection cannot be maintained. The act embraces, as we think, but one leading object. All its provisions are subsidiary to, and legitimately connected with, and tend to effect and enforce this main object, which is sufficiently, clearly, and definitely expressed in the title." See the case, and the statement of it by the reporter, and briefs, for the origin of the question adjudicated.

Upon these authorities, which afford a correct rule of interpretation for the solution of the main question, we are of opinion that the act under consideration embraces but one leading subject, which is expressed in the title, and that all of its provisions are subsidiary to, and legitimately connected with, and tend to effect and enforce the main object

embraced in the title of the act; and that all the different sections may be construed to be in harmony with the main *subject* expressed in the title, including the enforcement of a compliance by the penal sanctions provided in the third section for its enforcement against those who disregard its provisions, the leading object of the law being to tax the privilege of keeping or harboring dogs, and to provide for an assessment and collection thereof.

It is insisted, however, on behalf of the appellant, that the justice of the peace did not have jurisdiction of the subject-matter involved in the arrest, for the reason that under the act a fine might be imposed which would exceed his jurisdiction. The act makes the violation of it a *misdemeanor*, and affixes the penalty for its violation at a fine of not less than $5, but fails to state the maximum. Now, if a trial had taken place, and a fine had been imposed by the justice, the conviction might be set aside on an appeal from the judgment, though not by the proceeding by *habeas corpus*, upon the settled rule that the writ of *habeas corpus* cannot be used in order to effect either an appeal, writ of error, or *certiorari*. *Ex parte Schwartz*, 2 Texas Ct. App. 74, and authorities there cited.

*Prima facie*, the justice of the peace had authority under the law to issue the warrant for the arrest of the relator, there being nothing in the record to show an act without jurisdiction, and the accusation being a misdemeanor. No mention is made of the subject of the bail to which the applicant would be entitled.

Believing that there was no error in the action of the county judge in refusing to discharge the applicant, the judgment is affirmed.

*Affirmed.*