NANCY M. PULLEN ET AL. V. B. M. BAKER ET AL.

1. AFFIDAVIT TO PETITION FOR INJUNCTION.—An injunction granted on petition, verified by oath of an attorney "that the statements in the petition are true when made upon his own knowledge, and when made upon information of others he believes them to be true," and in which it does not appear that any of the statements were made upon the knowledge of the affiant or upon information of others, should be dissolved on account of want of sufficient affidavit to the truth of the petition.

2. INJUNCTION—PRACTICE.—It is error to dismiss a petition for injunction which contains sufficient allegations to warrant relief, because of a defective affidavit. The petition should be held for hearing on the merits.

3. VOIDABLE JUDGMENT.—A judgment rendered in a case removed by *certiorari* to the District Court, in favor of two defendants, where one is dead and not represented, is voidable by a proceeding taken in the court where rendered.

ERROR from Panola. Tried below before the Hon. George Lane.

*N. M. Pullen* cited Thurmond v. Trammell, 28 Tex., 371; Covingtons v. Burleson, 28 Tex., 368; Haynes v. Stovall, 23 Tex., 625.

*B. M. Baker* cited Crawford *v.* Wingfield, 25 Tex., 415; Rotzein *v.* Cox, 22 Tex., 65; Hansborough *v.* Towns, 1 Tex., 59; Sydnor *v.* Totman, 6 Tex., 189; Wilson *v.* Adams, 15 Tex., 323; Sayles' Pleadings, sec. 148.

GOULD, ASSOCIATE JUSTICE.—The attorney for plaintiff makes oath that the statements of the petition "are true when made upon his own knowledge, and when made upon information of others he believes them to be true." It does not appear from the petition that any of its statements are made upon the knowledge of the attorney, or upon information to him from others. We think this affidavit insufficient, and that the injunction was properly dissolved.

The court, however, on the motion and demurrer of defendant, not only dissolved the injunction, but proceeded to dismiss the petition and render judgment against the plaintiffs and their sureties on their injunction bond. If the petition contained averments sufficient, if established on final hearing, to entitle plaintiffs to an injunction or other relief, it should have been retained to give them an opportunity of proving their averments, and thus obtaining the relief to which they were entitled, notwithstanding the want of a sufficient affidavit. (Edrington *v.* Allsbrooks, 21 Tex., 188; Eccles *v.* Daniels, 16 Tex., 136.) The petition alleges that, at the time when the *certiorari* by which they had brought into the District Court a judgment rendered against them in a justice's court in favor of Baker & Clements was, on motion of Baker, dismissed, said Clements was dead. That Baker well knew the fact of his death at the time, and that the judgment of dismissal was rendered in the name of Baker & Clements, notwithstanding Clements was dead and in nowise represented. It is further alleged that Baker & Clements were not partners. It is not necessary to state or examine the other allegations of the petition, setting forth the orig-

inal transaction, the proceedings before the justice, and other matters.   The judgment rendered in favor of Baker & Clements, when the latter was dead, was voidable by a proceeding instituted for that purpose in the court when the judgment was rendered.   (Giddings v. Steele, 28 Tex., 755; Moke & Bro. v. Brackett, 28 Tex., 446, and cases there cited; Freeman on Judgments, sec. 153.)

On the establishment of the fact of his death prior to the judgment, the court would set it aside and reinstate it on the docket, making Clements' representative a party. (Giddings v. Steele, *supra.*)

That the plaintiff may have an opportunity of proving the averments of his petition, the judgment dismissing the case is reversed and the cause remanded.                    /

REVERSED AND REMANDED.