A. L. PARROTT ET AL. v. W. J. CRAIG.

(No. 5947.)

APPEAL from Jack County.   Opinion by WHITE, P. J.

W. E. TAYLOR and HARRY N. BELL, counsel for appellants.

STARK & STARK, counsel for appellee.

§ 453. *Void judgment; injunction against; appeal bond from justice's court; extent of liability of sureties on; case stated.*   Appellee recovered a judgment in justice's court against appellant Parrott, and the latter appealed to the county court. In the county court the appeal was dismissed, and judgment was rendered against Parrott and the sureties on his appeal bond for all costs which had accrued in the cause in both courts. Parrott and said sureties brought this suit, and prayed for a writ of injunction to restrain the enforcement of said judgment. The injunction was granted by the county judge, but upon motion of appellee was dissolved and the suit dismissed. The appeal from the justice's to the county

court was dismissed in the latter court upon the ground that said court had no jurisdiction thereof, the judgment appealed from not being a final judgment. *Held:* The county court, not having acquired jurisdiction of the appeal, had no authority to render any other judgment than one dismissing the appeal; and the judgment rendered by said court against the sureties upon Parrott's appeal bond was therefore void. Injunction is a proper remedy against a void judgment, and the injunction in this case was properly granted and should have been perpetuated. [Witt v. Kaufman, 25 Tex. Sup. 384; Bidwell v. Thompson, id. 247; Pullen v. Baker, 41 Tex. 419; 1 App. C. C. § 681; 2 App. C. C. § 689.] Judgment reversed and injunction perpetuated.

April 13, 1889.             Reversed and rendered.