## J. W. ADCOCK v. J. J. CREIGHTON.

Decided November 20, 1901.

1.—Assignment of Error—Proposition.

·    An assignment of error in overruling a general demurrer to defendant's answer, not followed up by any proposition or statement thereunder, will not be considered.

2.—Fraudulent Representation—Pleading.

An answer in defense of a note given on sale of land, which states that the consideration of the sale was partly the assumption of one-half a certain incumbrance, which the seller fraudulently represented to be only $900 when it was $1080, which representation defendant relied on and agreed to pay and afterwards paid one-half the larger sum, sufficiently alleged the fraudulent representations and was good against a special demurrer on that ground.

3.—Pleading—Verification—Assignment of Error.

An objection to a plea of failure of consideration because not verified, can not be raised under an assignment of eror in overruling a special exception to such pleading for insufficiency in its allegation of fraudulent representations.

4.—Impeachment—Contradictory Statement—Materiality.

On the issue of fraudulent representations by the vendor as to the amount of an incumbrance one-half of which was to be assumed by the vendee,—$900 instead of $1080,—when the former had testified that he told the latter that one C. had been informed of the incumbrance and that it was $1080, and was willing to buy the land and assume it, it was competent to prove by C. that the amount of the incumbrance, as stated to him by the vendor, was only $450.

Appeal from McLennan. Tried below before Hon. Marshall Surratt.

*J. T. Sluder,* for appellant.

*T. A. Blair,* for appellee.

KEY, ASSOCIATE JUSTICE.—This action was brought by appellant on a promissory note for $900, executed by appellee, and reserving a lien on certain real estate. The plaintiff conceded that all the debt had been paid except $122, and asked a judgment for that amount, with a foreclosure of the lien on the land.

The defendant admitted the execution of the note, but alleged that in the contract for the purchase of the land, the consideration to be paid by him therefor was $1450, $100 cash, the assumption by him of the payment of one-half of a prior incumbrance on the land represented by the plaintiff to be $900, and the $900 stipulated in the note sued on. He charged in his answer, and the testimony warrants a finding, and in support of the judgment we find, that the plaintiff fraudulently represented to him that the amount of the incumbrance was only $900, when in fact it was $1080; that the defendant, relying upon said representation and believing it to be true, agreed to pay half of said incumbrance, which was $540 and that he has paid to the plaintiff all the residue of the $1450 which he agreed to pay for the land.

The first assignment of error complains of the action of the court in overruling plaintiff's general demurrer to the defendant's answer. It is not submitted as a proposition, and is not followed up by any proposition or statement, and, under the well known rules regulating the practice in our appellate courts, the assignment is not presented in such manner as to entitle it to consideration.

The second assignment, which complains of the court's refusal to sustain special exception number 1 to the defendant's answer, is overruled. We think the averments of the answer charging the plaintiff with fraudulent representations were sufficient. That exception did not challenge the defendant's answer because it was not sworn to; and therefore the proposition under the assignment raising that question is not germane to the assignment. In fact, no exception was addressed to the defendant's pleading because it was not verified by affidavit, and that question can not be presented for the first time in this court.

No error was committed in admitting the testimony of the witness Crowson, as charged in the third assignment. According to the record, the plaintiff had testified that he told the defendant on the day the trade was made that he could sell the land on the same terms to the witness Crowson, who was just leaving the field where the parties were; and that he had told Crowson all about the prior incumbrance and that the amount thereof was $1080. After the plaintiff had so testified, the defendant put Crowson on the stand, and he testified that the plaintiff told him there was an incumbrance on the land for $450 only, and did

not tell him that the incumbrance amounted to $1080. This testimony was objected to, as shown by the bill of exception, on the ground that it was irrelevant and immaterial. The objection was properly overruled.

This disposes of all the questions presented in appellant's brief. This opinion embraces this court's conclusions of facts as well as of law; and no error being shown, the judgment will be affirmed.

*Affirmed.*