WILKINSON et al. v. LYON et al.   (No. 9054.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 19, 1918. On Rehearing, Dec. 21, 1918.)

1. STATUTES ⟨⟩107(8),   122(1) — TITLE — SCHOOLS.

Acts 34th Leg. c. 36, relating to public free schools of state, *held* not violative of Const. art. 3, § 35, when liberally construed, as relating to subject not expressed in title, or as embracing two subjects in the same act, sections 3 and 4a (Vernon's Ann. Civ. St. Supp. 1918, arts. 2749b, 2749d) being germane to general purpose of act.

2. SCHOOLS AND SCHOOL DISTRICTS ⟨⟩39 — CONSOLIDATION OF DISTRICTS—INJUNCTION.

Under Acts 34th Leg. c. 36, § 4a (Vernon's Ann. Civ. St. Supp. 1918, art. 2749d), giving courts general supervisory control over creating and changing school districts, district court *held* to have jurisdiction to hear and determine issues presented in petition of plaintiffs suing to enjoin consolidation of school districts for high school advantages, notwithstanding section 10 (article 2749h) providing for appeals.

3. SCHOOLS AND SCHOOL DISTRICTS ⟨⟩39 — CONSOLIDATION OF DISTRICTS—INJUNCTION.

Petition to enjoin consolidation of school districts for purpose of high school advantages *held* to allege facts as to inaccessibility of proposed high school building to plaintiffs' children, and as to assessment of their property to pay bonds, justifying relief sought.

4. INJUNCTION ⟨⟩122—VERIFICATION OF PETITION—STATUTE.

In injunction suit by several plaintiffs, verification of petition on information and belief by one of them was not compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, requiring verification of petition for injunction by affidavit.

5. INJUNCTION ⟨⟩122—VERIFICATION OF PETITION—WAIVER.

Verification of petition for injunction on information and belief, defective under Vernon's Sayles' Ann. Civ. St. 1914, art. 4649, *held* waived by defendant appellants, who addressed no special exception to petition, but relied solely on general demurrer and lack of jurisdiction, complaining of improper verification only in Court of Civil Appeals.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

Suit by Earl Wilkinson and others against D. K. Lyon and others. From an order denying prayer for temporary injunction, plaintiffs appeal. Reversed and remanded.

Marshall & King, of Graham, for appellants.

Kay & Akin, of Wichita Falls, for appellees.

DUNKLIN, J.   Earl Wilkinson, Roy Wilkinson, and J. J. Hayman, resident citizens of Young county, instituted this suit in the district court of that county against the county school trustees, county judge, and other members of the commissioners' court, and the tax assessor and the tax collector of the county, to restrain the school trustees from taking any further steps to put into effect an order made by them, sitting as the county school board, on April 2, 1918, consolidating for the purpose of high school advantages two school districts in said county known as "Proffitt Common School District No. 46," and "Tankersley Common School District No. 14," into one district to be known as "Proffitt Consolidated School District No. 46"; to restrain the commissioners' court of the county from

canvassing the returns and declaring the result of the election held for such consolidation; and to restrain the assessor and tax collector, respectively, from assessing and collecting taxes necessary to discharge the bonded indebtedness which will be fixed upon property situated within said consolidated district in order to accomplish the purposes of said consolidation.

The prayer for the issuance of a temporary writ of injunction was refused by the district judge in vacation, and from that order plaintiffs have appealed.

The record contains the conclusions reached by the trial judge upon the hearing for a temporary writ, at which both plaintiffs and defendants appeared. A general demurrer and a special exception to the jurisdiction of the court urged by the defendants to the petition were sustained, and for that reason alone the prayer for a temporary writ was refused.

By section 2, c. 36, Acts 34th Leg. enacted in 1915 (Vernon's Ann. Civ. St. Supp. 1918, art. 2749a), it is provided that:

"The general management and control of the public free schools in each county of the state shall be vested in five county school trustees elected from the county."

Section 3 of the act (article 2749b) contains the following provisions:

"It shall be the duty of the county school trustees to classify the schools of the county in accordance with such regulations as may be prescribed by the state superintendent of public instruction into elementary schools and high schools for the purpose of promoting the efficiency of the elementary schools and of establishing and promoting high schools at convenient and suitable places. In classifying the schools and in establishing high schools the county school trustees shall confer and advise with the county superintendent of public instruction and the school trustees of each district at interest, and shall give due regard to schools already located, to the distribution of population, and to the advancement in their studies. The county trustees shall not so classify any school as to deprive any child of scholastic age of its right to receive instruction in the grades to which it belongs in the public school of the district in which it resides, unless arrangements are made by the county school trustees for the said child to attend a school of proper classification free of charge in another district which is within reasonable walking distance of the home of said child; that is, a school of proper classification which is not more than three miles from the home of said child; the distance to be computed according to the route or road commonly traveled in going from the home of said child to the school building, or unless the county school trustees shall arrange for the free transportation daily of said child to and from the school of proper classification, in which case the expense of such transportation shall be paid for by the district trustees out of the funds of the district in which the child actually resides; and it is hereby made the duty of the county superintendent of public instruction and of the county school trustees to see that every child of scholastic age is properly provided for as herein required, and the state superintendent of public instruction is hereby directed and required to transmit definite and specific instructions to the county superintendent of public instruction, the county school trustees and the district school trustees with respect to the proper observance and administration of this law, to the end that no child shall be deprived of its right to attend school."

Section 4 (article 2749c) of the act is, in part, as follows:

"The county school trustees are authorized to exercise the authority heretofore vested in the county commissioners' court with respect to subdividing the county into school districts, and to making changes in school district lines. * * * The county school trustees shall have authority to consolidate two or more common school districts into a larger common school district where a majority of the qualified electors of each common school district at interest shall petition the county school trustees for consolidation in order that a high school may be established for the children of high school advancement in the common school districts so consolidated."

Section 4a (article 2749d) is as follows:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

Section 10 (article 2749h) of the act reads:

"All appeals from the decisions of the county superintendent of public instruction shall lie to the county school trustees and from the said county trustees to the state superintendent of public instruction, and thence to the state board of education."

As shown by conclusions of law appearing in the record and briefly stated here, the trial judge held:

First. The district court was without jurisdiction to hear and determine the controversy until plaintiffs have unsuccessfully exhausted their right of appeal from the order of the board of county school trustees to the state superintendent of public instruction and thence to the state board of education as provided by section 10 of the act.

Second. It was not the intention of the Legislature, in passing the act referred to, to confer jurisdiction on the district court to determine such controversies when that court did not have such jurisdiction prior thereto.

Third. Section 4a of the act is insufficient to confer such jurisdiction upon the district courts, in that it fails to specify the kind or character of supervisory control such courts can exercise over the action of the county school trustees; does not provide for trial by jury; does not amend the injunction statutes; and for other reasons apparent upon the face of the section quoted.

Fourth. At all events section 4a of the act

is violative of section 35, art. 3, of our state Constitution and hence null and void because it relates to a subject not expressed in the title to the act and because two subjects, viz. the jurisdiction of district courts and general school laws, issuance of school bonds and election of officers to enforce public school laws, are embraced in the same act.

[1] The title to the act is very long, and we will not attempt to quote it in full. It contains a specific reference to nearly every provision of the act save and except section 4a, but in the beginning it recites that it is "An act to amend chapter 26, Acts of Regular Session of the Thirty-Second Legislature, being an act entitled 'An act to provide for the establishment, organization and control of public high schools in the common school districts of Texas.'" This language, read in the light of the rest of the title, indicates the general purpose of the act, and it cannot be denied that the provisions of section 4a, giving supervisory control over the action of the county board of school trustees in creating, changing, and modifying school districts to the end that they comply with the requirements of section 3 of the act in that respect, are germane thereto, and calculated to carry the declared object into effect. It is a well-settled rule of decisions that the section of the Constitution now under discussion should receive a liberal construction. See cases cited in Harris' Constitution of Texas, p. 254 et seq.

In Snyder v. Compton, 87 Tex. 377, 28 S. W. 1062, our Supreme Court, in upholding the constitutionality of a provision in an act which was not specifically mentioned in the title to the act, said:

"Here, although the subsidiary provision is not express, it is legitimately connected with the main subject, and tends to effect and enforce the main object of the law. 'Any provision calculated to carry the declared object into effect is unobjectionable, although not specifically indicated in its title.' 1 Dill. Mun. Corp. 28, quoted with approval in Johnson v. Martin, 75 Tex. 33 [12 S. W. 321]."

Numerous other decisions to the same effect might be cited, such as Davey v. Galveston County, 45 Tex. 291; Doeppenschmidt v. Railway, 100 Tex. 532, 101 S. W. 1080; Tex. & Pac. Ry. v. Stoker, 102 Tex. 61, 113 S. W. 3.

It is also well settled that an act of the Legislature is unobjectionable on the ground that it contains more than one subject, if those subjects are germane or subsidiary to the main subject; that the requirement of the constitutional provision is addressed to the subject, and not to the details of the act, to accomplish the main object of the act, and such details may be multifarious. Joliff v. State, 53 Tex. Cr. R. 63, 109 S. W. 176; Singleton v. State, 53 Tex. Cr. R. 626, 111 S. W. 736, and authorities there cited.

[2] For the reasons advanced in Clark v. Hallam, 187 S. W. 964, which were approved in Price v. County Trustees et al., 192 S. W. 1144, we conclude further that by virtue of section 4a of the act the district court had jurisdiction to hear and determine the issues presented in plaintiffs' petition, notwithstanding the provisions of section 10 quoted above.

[3] Plaintiffs' petition contained allegations to the effect that at the time the two petitions for consolidation were circulated for signatures there were 17 qualified electors residing in the Tankersley school district No. 14, and that only 6 of these electors signed the petition for the consolidation of the two districts which was later ordered by the board of county school trustees; that 9 of such qualified electors residing in said district who did not sign said petition were opposed to the proposed consolidation, and that for that reason among others, the order of consolidation was in violation of the requirements of the act.

Plaintiffs further alleged that their children were of scholastic ages, and legally entitled to attend the common schools of the state; that the proposed consolidated district is about 4 miles north and south by 10 miles east and west; that the school building which will be erected in that district will be located near the east boundary of the district, about 5 miles distant from the residences of plaintiffs and other patrons in the district, and that no means of transportation of the children of such patrons to and from the school has been provided, as required by the act, and that under such circumstances said children will be deprived of their legal right to attend such proposed school.

It was further alleged in plaintiffs' petition that, after said order of consolidation of the two districts was made, an election was held in the district for the purpose of voting bonds in the aggregate sum of $1,250, to be used in payment of a proposed school building to be erected in the consolidated district, which said election carried in favor of the issuance of said bonds, and at the same election it was further determined that a special school tax to pay said bonds, not exceeding 50 cents on the $100, shall be assessed on all the taxable property in the consolidated district, including property owned by plaintiffs, which bonds are to run for a period of 20 years and are to draw interest; that the commissioners' court is threatening to canvass the returns of said election and issue said bonds, and after their issuance the tax collector of the county will assess plaintiffs' property for taxes to pay said bonds, and, when so assessed, the taxes will be collected by the county tax collector.

Without reference to further allegations in the petition, we think those referred to above presented a valid showing for the relief sought, and that the conclusion by the trial judge to the contrary was erroneous.

[4, 5] Article 4649, Vernon's Sayles' Texas Civil Statutes, is as follows:

"No writ of injunction shall be granted, unless the applicant therefor shall present his petition to the judge, verified by his affidavit taken before some officer authorized to administer oaths, and containing a plain and intelligible statement of the grounds for such relief."

In the present suit plaintiffs' petition was verified by one of the plaintiffs, but the verification was wholly on information and belief, and was therefore not in compliance with the statute; and appellees now insist that for that reason the order of the district judge, refusing the temporary writ of injunction, should be affirmed. The following authorities support the proposition that the verification was insufficient: Graves v. O'Neil, 189 S. W. 781; Pullen v. Baker, 41 Tex. 419; Clarey v. Hurst, 136 S. W. 840; Gray v. Woodring Lumber Co., 197 S. W. 231.

However, the record shows that plaintiffs and defendants all appeared at the hearing of the application for the temporary writ which was solely upon the pleadings, and that defendants addressed no special exception presenting the question of the insufficiency of the verification, but relied solely upon a general demurrer to the petition and a special exception embodying the proposition that the district court was without jurisdiction to try the case, in the absence of any allegations in the petition that plaintiffs had exhausted their right of appeal prescribed by section 10 of the act; and the conclusions filed by the trial judge clearly show that his denial of the writ was based solely upon those demurrers, and not by reason of the insufficiency of the verification.

This is not a case of an entire absence of a verification of the petition, but of an insufficient verification, and we do not think the question now under discussion is one of jurisdiction of the court to hear and determine the merits of the petition for a temporary writ. The requirement that the petition in such cases shall be verified is one for the benefit of the defendants, and we see no reason why they cannot waive their right to such a benefit. If it was within their power to waive such a defect in the verification, it seems clear to us that such waiver was accomplished by their failure to present the objection until they filed their briefs in this court in reply to briefs of appellants. If the writ had been granted on an ex parte hearing of the petition, then no question of waiver would have arisen, and defendants would have had the right to invoke the insufficiency of the verification in this court on appeal.

By article 1906, Vernon's Sayles' Texas Civil Statutes, it is specifically provided that an answer setting up certain defenses, unless the truth of the pleadings appear of record, shall be verified by affidavit. But, notwithstanding the direct and specific provisions of that statute, it is well settled by the decisions of this state that plaintiffs, by failure to object before trial to a lack of verification of such a plea, waive the right to invoke the benefit of the statutory requirement. See Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; G., C. & S. F. Ry. v. Jackson & Edwards, 86 S. W. 47; Adcock v. Creighton, 27 Tex. Civ. App. 243, 65 S. W. 42. And in Dyer v. Winston, 33 Tex. Civ. App. 412, 77 S. W. 227, it was held that the sufficiency of an affidavit to a plea cannot be questioned for the first time on appeal. To the same effect is W. U. Tel. Co. v. Smith, 130 S. W. 622.

On the same principle we think appellees are in no position to urge the defective verification of plaintiffs' petition in this court for the first time.

For the reasons indicated, the order denying the petition for a temporary writ of injunction is reversed, and the application for such writ is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

### On Rehearing.

Appellees earnestly insist that we erred in concluding that the defective verification of the petition was not jurisdictional, and that the right of appellees to complain of it in this court for the first time was waived by their failure to urge the objection in the trial court. They insist that we are in direct conflict with several decisions; notably White v. Ferris, 186 S. W. 367; Graves v. O'Neil, 189 S. W. 781; Moss v. Whitson, 130 S. W. 1034.

We do not believe our conclusions on original hearing to be necessarily in conflict with those decisions or the others cited. In each of the two decisions first noted the defendant filed answer to plaintiffs' petition for injunction, which answer contained a special exception to the verification of the petition as being insufficient, and it seems that the trial court in each of those cases, in acting upon the application for an injunction, considered both the petition and answer. Under such circumstances, it cannot be said that the objection to the verification was made for the first time in the Court of Civil Appeals. In the case of Moss v. Whitson, supra, we think it reasonably appears from the opinion that the hearing of the application for injunction was had at the time the petition was filed, and before any answer was filed thereto by the defendant, and that the hearing was ex parte. Under such circumstances, it cannot be said that the defendant waived any objection to the verification, since he was not given an opportunity to urge the same. Furthermore, in that case the trial judge refused the writ for lack of merit in the petition, and his action in so doing was affirmed by the Court of Civil Appeals. That conclusion rendered unnecessary the further conclusion that the judgment should be affirmed for lack of sufficient verification, which, however, was in accord with what we have already

said upon the original hearing, if it be true that the hearing was ex parte and the defendant given no opportunity to object to the verification.

In 3 Corpus Juris, pp. 776, 777, after stating the rule that an objection that a pleading is not signed or subscribed by the party or an attorney as required by statute or rule of practice cannot be made for the first time on appeal, the following is said:

"The same rule applies to the objection that a pleading was not verified, or that the verification was defective or insufficient. Therefore objection cannot be raised for the first time on appeal for want of or defect in the verification of a bill, petition, or complaint, unless, under a statute, proper verification is essential to jurisdiction."

Both by our statutes and Constitution the judges of the district courts are vested with general power to issue writs of injunction. Vernon's Sayles' Tex. Civ. St. art. 1713; Const. art. 5, § 8.

The statutory requirement that a petition for a writ of injunction shall be verified before the writ is issued is in no sense a limitation of the jurisdiction conferred by the Constitution and statutes upon the district court and the judges thereof, but merely relates to procedure, and was enacted for the protection of the defendant against whom the suit is instituted, and we perceive no valid reason why he cannot waive such a benefit.

The motion for rehearing is overruled.

───────

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes