## Gardner, et al. v. Alexander.

(Decided January 6, 1916.)

### Appeal from Magoffin Circuit Court.

Pleading—Amended Petition.—The filing of an amended petition is largely in the discretion of the trial court, and unless this discretion is plainly abused, it will not be interfered with.

A. F. BYRD for appellants.

D. D. SUBLETT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This appeal is prosecuted from a judgment awarding the appellee $250.00 damages on an injunction bond. On a former appeal by the present appellee there was a judgment in his favor for $2.00 only, the jury limiting the damages to this amount on account of erroneous instructions. For this error that judgment was reversed in an opinion that may be found in 130 Ky., 785.

On this appeal a reversal is asked because the court failed to give a peremptory instruction for the appellants for errors in the admission and rejection of evidence, for error in permitting an amended petition to be filed, and for failing to continue the case after it was filed, and for error in overruling the demurrer to appellants' amended petition.

It is argued that the peremptory should have been given because the injunction did not specify what the appellee was enjoined from doing. But we think the petition on which the injunction was granted, when read, as it should be, in connection with the order issued by the clerk, specifies very clearly the injunctive relief that was sought.

It is further said that the appellee was not entitled to any damages because he did not obey the injunction and consequently was not entitled to any damages for the alleged deprival of his rights on account of its issual. But this issue was distinctly submitted to the jury in an instruction telling them that if they believed from the evidence that Alexander violated the injunction and hauled logs or timber products on the road over the land of the Gardners and did not obey the order of injunction and was not damaged by reason thereof, they should find for the Gardners.

It is also said that Alexander, under the deed, had no right to haul timber over the land of the Gardners, as the deed made to him by the Gardners did not give him any such right, and that the court erred in permitting an amended petition to be filed setting up a verbal agreement under which Alexander claimed the right to haul timber taken from the land of Tone Gardner over the road on the land of the appellants who secured the injunction; and that further error was committed in allowing Alexander to introduce evidence in support of this amended petition.

The filing of amended petitions is largely in the discretion of the trial court, and we have uniformly refused to interfere with this discretion unless it is plainly abused. In the present case it is manifest from the evidence of both parties that the matter set up in this amended petition did not take the Gardners by surprise and therefore the court did not commit error in refusing a continuance. It was also, we think, admissible for Alexander to set up and rely on this distinct verbal agreement made between himself and the appellants, under which, according to his version, he had the right to haul over their land timber cut from the land of Tone Gardner.

The court gave to the jury three instructions, and these instructions, we think, submitted fairly to the jury all the issues in the case.

We find no error in the record that would justify us in reversing the judgment appealed from, and it is affirmed.