JACKSON v. HOUSTON HOT WELL CO.*
(No. 7161.)

(Court of Civil Appeals of Texas. Galveston. April 27, 1916. Rehearing Denied May 11, 1916.)

1. APPEAL AND ERROR ⬤⟾281(1) — ASSIGNMENT OF ERROR—NOT PRESENTED ON MOTION FOR NEW TRIAL.

An assignment of error, which does not show that the error therein complained of was presented to the trial court in a motion for new trial, does not require consideration, under Court of Civil Appeals rules 24 and 25 (142 S. W. xii) as to assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661. 3281; Dec. Dig. ⬤⟾281(1).]

2. VENDOR AND PURCHASER ⬤⟾44 — RECOVERY OF PURCHASE MONEY BY VENDEE—EVIDENCE.

In suit to rescind a land contract on ground of fraudulent representations, exclusion of evidence to explain why plaintiff continued his payments thereon after discovering that defendant was not complying with its promises is not error, where there is no evidence raising the issue of bad faith by defendant.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. ⬤⟾44.]

3. VENDOR AND PURCHASER ⬤⟾44 — RECOVERY OF PURCHASE MONEY BY VENDEE—EVIDENCE.

In such suit, the alleged misrepresentation being the intended erection by vendor of a large hotel on nearby property, the mere fact that the hotel has not been built does not show that defendant never intended to build, where the uncontradicted evidence shows defendant's bona fide efforts to raise funds to make such improvement and proceed therewith.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 69–76; Dec. Dig. ⬤⟾44.]

Error from District Court, Harris County; Wm. Masterson, Judge.

Suit by C. J. Jackson against the Houston Hot Well Company. From a judgment for defendant, plaintiff brings error. Affirmed.

Atkinson, Graham & Atkinson, of Houston, for plaintiff in error. Cole & Cole and A. B. Wilson, all of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by plaintiff in error against the defendant in error to cancel two contracts for the sale of real estate and recover the sum of $400, the amount paid by plaintiff under said contracts. Plaintiff's petition alleges, in substance, that on August 16, 1910, he and defendant entered into a contract by the terms of which defendant, for a consideration of $475, to be paid by plaintiff to defendant in 46 monthly installments of $10 each and one installment of $15, sold plaintiff tract No. 5, containing five acres of land, in the Houston Hot Well subdivision of the W. K. Hamblen survey in Harris county; that on October 7, 1911, plaintiff and defendant entered into a second contract by which, for a consideration of $650, to be paid in monthly installments of $10 each, defendant sold to plaintiff tract No. 80 in said subdivision, containing five acres of land.

"That at the time said contracts were made and entered into defendant was represented by one J. I. Marcher as its agent, who was engaged in the sale of this land on its behalf, and by its authority, and that plaintiff was caused to execute said contracts and was caused to pay the sums of money therein stipulated, by reason of certain promises and representations made to him on behalf of the defendant by the said Marcher, which representations and promises were, in substance, as set forth in the following paragraphs:

"That within a few weeks after said contracts were executed, the said defendant would cause to be erected close to said land a very large, expensive, and beautiful hotel and sanitarium, and that defendant's said agent exhibited to this plaintiff a picture of said hotel and sanitarium, showing a very beautiful and costly building, which he said would be erected upon the lands belonging to said defendant and within a very short distance of the lands purchased by this plaintiff under his contract with the defendant, and this plaintiff will offer in evidence a picture of said proposed hotel, showing that said structure was to be one of fascinating beauty.

"He further makes known to the court that at said time the said agent of defendant represented that the Houston & Texas Central Railway Company, whose line runs near said land, would erect a depot close to the land contracted for by defendant, and that trains would stop at such depot and render the lands of this plaintiff accessible to said railway. That at the present there is no depot nearer to said land than about two miles, or more, and that said depot would have been within a few hundred yards of said land, and people could come on the railway, get off at said depot and go to said lands without employing a conveyance from the depot to said lands.

"Plaintiff further makes known to the court that at the time said representations and promises were made by the said agent of defendant, said representations were wholly untrue, and the said agent and the defendant both knew that they were untrue, and at the time said promises were made, neither the said agent, nor the said defendant company, had any intention of carrying out said promises, but the said representations and promises were made for the sole purpose of inducing this plaintiff to part with his money in the purchase of said lands, and were made for the purpose of misleading, deceiving, and defrauding this plaintiff.

"That he did not know that said representations were false, and did not know that said promises were made with the intention of not

carrying them out. That he relied on said representations and promises, and was deceived thereby, and that but for such representations and promises he would not have purchased said land and would not have parted with his money, as heretofore set forth.

"That in accordance with the terms of said contract he has paid thereon the sum of $400, and that said payments were made in accordance with the itemized account hereto attached.

"That the price set out in said contract for said land was in excess of the sum of $100 an acre, and that if said representations and promises had been true, said land would have been reasonably worth the said sum of $100 per acre, as said hotel and depot would have been immediately adjoining said property, but as said promises were not kept, said land is not worth more than the sum of $15 per acre.

"That had the defendant carried out this contract with him according to its representations and promises, the said land would have been worth approximately the sum of $1,250, and that plaintiff has paid thereon the sum of $400.

"Wherefore, promises considered, plaintiff prays that he have judgment against said defendant for the sum of $400, and that the contracts heretofore entered into between plaintiff and defendant be canceled and annulled. And he here now tenders said contracts, and he further prays for costs and for general relief."

In addition to a general demurrer and several special exceptions, the answer of defendant specially denies that it represented to plaintiff, prior to the contract of August 16, 1910, it would cause to be erected a large, expensive and beautiful hotel and sanitarium but did represent to him that it would erect a hotel and sanitarium, without making any statement as to the size or character of said improvements, and that in accordance with its said representations it did erect a hotel and sanitarium on its property of the value of $10,000. Defendant further averred that at the time of the execution of the contract on October 7, 1911, it contemplated the erection of a new hotel larger and more commodious than the first, and the representations made by its agent to plaintiff that it intended to erect such new hotel was honestly made, and defendant still intends to erect such hotel; that defendant's agent only represented to plaintiff that it intended to increase its capital stock, and contemplated the erection of the new hotel out of money to be obtained from the sale of said stock, all of which representations were true, and the facts stated by its agent were known by the plaintiff. With regard to the erection of the depot, defendant averred that its agent only represented to plaintiff that the general passenger agent of the Houston & Texas Central Railway Company had assured defendant that a depot would be erected near plaintiff's property, and such representations were true, and that plaintiff, having been given the defendant's source of information, and knowing that defendant could not control the railroad company in the matter of the erection of the depot, cannot claim that such representations constitute a fraud upon plaintiff.

It is further averred that defendant had tried, and was still trying, to make the Houston Hot Well a valuable health and pleasure resort, and that it had expended, and was daily expending, large sums of money to develop the property, and it had acted in perfect good faith in all of its dealings with and representations to plaintiff.

Defendant further pleaded that if the representations were made to plaintiff, as claimed by him, that plaintiff was not entitled to recover because, 14 months after the execution of the first contract, after all the facts were known to him and he was conversant with defendant's operations, plaintiff made the second contract and continued to pay his installments on said contracts up to July, 1912, and was now estopped to ask for a rescission of said contracts on the grounds set up in his petition.

The cause was tried with a jury. After the evidence had been heard and the cause argued, the plaintiff dismissed his case in so far as it related to or was founded upon the contract of August 16, 1910, and the trial judge instructed the jury to return a verdict for defendant upon plaintiff's claim for cancellation of the contract of October 7, 1911.

Plaintiff presents in his brief three assignments of error together. The first and second assignments complain of the ruling of the court in excluding certain testimony offered by plaintiff, and the third assignment complains of the charge of the court instructing the jury to return a verdict for the defendant.

[1] Defendant objects to our considering any of these assignments because they are not sufficient under the requirements of rules 24 and 25 for the Courts of Civil Appeals, in that it does not appear from the assignments, nor from the statements made thereunder, that the matters complained of by the assignments were presented to the trial court in a motion for new trial. We think this objection should be sustained. Rule 24 expressly provides that the assignment "must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause, and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived." Rule 25 (142 S. W. xii) requires that an assignment "must refer to that portion of the motion for a new trial in which the error is complained of." Several of our Courts of Civil Appeals have held that an assignment which does not show that the error complained of in the assignment was called to the attention of the trial court in a motion for a new trial does not require consideration. Railway Co. v. Ledbetter, 153 S. W. 646; Tiefel v. Maxwell, 154 S. W. 319; Railway Co. v. Gray, 154 S. W. 229. We think this is a proper construction of the rules above quoted, and it seems to have been approved

by our Supreme Court in the case of Railway Co. v. Pemberton, 161 S. W. 2. If, however, we should consider the assignments presented in this case, none of them could be sustained.

[2, 3] As interpreted by the proposition and statement thereunder, the complaint in the first and second assignments is that the court erred in not permitting plaintiff to introduce evidence tending to explain his action in continuing to make payments under the contract after he had discovered that defendant was not complying with its promises in regard to the erection of the new hotel and the establishment of the depot. We think this evidence was not material, for the reason that there is no evidence in the case which raised the issue of bad faith on defendant's part in its representations as to its intention to build a new hotel, or in its representation that the railroad company had promised to build a depot near said hotel. The mere fact that the hotel has not yet been built is not sufficient to justify a finding that the defendant never intended to build it, when the uncontradicted evidence shows that they have been endeavoring to secure funds for that purpose, and still intend to erect it just as soon as the necessary financial arrangements can be made, and are making every effort to improve and develop their property along the lines indicated in the representations made to plaintiff.

In our opinion no other judgment than one in favor of the defendant could have been properly rendered upon the evidence. It follows that the judgment must be affirmed; and it has been so ordered.

Affirmed.