GULF, C. & S. F. RY. CO. v. MOORE.
(No. 1640.)

(Court of Civil Appeals of Texas. Texarkana. June 15, 1916. Rehearing Denied July 1, 1916.)

1. APPEAL AND ERROR ☞931(6) — SCOPE — PRESUMPTIONS.

Where, without evidence erroneously admitted, the other evidence was sufficient to sustain the findings, it will be presumed that such findings were based on the competent and admissible evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3766; Dec. Dig. ☞931(6).]

2. JUDGMENT ☞253(1) — PLEADING — DAMAGES.

Where plaintiff alleged damages by overflow due to railroad embankment in the sum of $150, judgment of $175 was excessive and will be reduced.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. ☞253(1).]

3. COSTS ☞238(2) — APPEAL — REFORMATION OF JUDGMENT.

Where appellant, in his motion for new trial, failed to point out the particular error for which the judgment was reduced on appeal, and such error was so patent that it would probably have been corrected if pointed out, he must pay costs on appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 912; Dec. Dig. ☞238(2).]

Appeal from Delta County Court; J. N. Viles, Judge.

Action by D. C. Moore against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

James Patteson, of Cooper, and Terry, Cavin & Mills, of Galveston, for appellant. Newman Phillips, of Cooper, for appellee.

HODGES, J. The appellee sued and recovered a judgment in the court below for damages to his land and crops growing thereon, resulting from overflows caused by the appellant's roadbed. The proof shows that the appellee owned a tract of 30 acres situated in Delta county one mile east of Ben Franklin, lying on the south side of the appellant's right of way, not far from where the appellant's railroad crosses Sulphur creek. The appellee alleged and proved that a branch which runs north along the west side of his tract of land, prior to the construction of the appellant's road, emptied itself at some point still further north of the appellant's right of way; that when the appellant constructed its roadbed it built an embankment across this branch, without leaving any outlet for the water to follow its natural course; that the water thus obstructed was caused to overflow, and produced the injuries complained of. The evidence shows that a channel on the south side of the appellant's track, extending east toward Sulphur, was made by excavations in the building of the road; that this channel for several years carried off the surplus water, and no injury resulted to the appellee's land till in 1913, after this channel had become filled by the accumulations extending over several years.

The case was tried before the court, who found, in addition to the facts above stated, that in 1913 and 1914 the appellee's crops of cotton were damaged by the overflows from this branch, caused by the failure of the appellant to have an outlet for the water as required by law. He also found that in 1915 about ten acres of the land were damaged by the washing away of the soil. It is undisputed that no outlet was left for the escape of the water from this branch, and about the only question to be determined was the extent of the damages resulting from the failure to comply with the statutory requirement.

[1] Objection was made to the admission of some testimony regarding the value of the land before and after the alleged injury. The objection was probably good as to some of this testimony, but there was other testimony upon that issue, legally admissible and sufficient to sustain the findings of the court. It will therefore be presumed that the court based his judgment upon that evidence.

[2] The plaintiff below pleaded his damages by alleging separately the extent of the injuries sustained in the different years of 1913, 1914, and 1915, and the value of the crops destroyed during each of the first two years. The value of the crop destroyed in the year 1913 is placed at $150. The court found that the extent of the damages sustained by the appellee for the year 1913 amounted to $175, $25 in excess of that stated in the pleading, and rendered judgment accordingly. This is the only error we have discovered in this appeal. The judgment should be reduced so as to conform to the pleadings.

[3] The appellant filed a motion for a new

trial in the court below, but failed to specifically point out this particular error. It is true that in a general way that ruling of the court was involved in the motion, but the reference was couched in such general terms as would easily permit the court to overlook this particular error. It is evident that it would have been corrected had attention been directly drawn to it. For that reason we shall require the appellant, notwithstanding the reformation of the judgment directed, to pay the costs of this appeal.

The judgment will be reformed and affirmed.