CAFFARELLI BROS. v. BELL. (No. 5721.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1916. Rehearing Denied Dec. 20, 1916.)

1. PLEADING ⊕⇒236(6) — AMENDMENT—PETITION—DISCRETION OF COURT.

Permission to plaintiff to interline in the petition the words "fifty" and "ten" in the blank space left for the amount of special damages for medical attention and drugs was within the discretion of the trial court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. ⊕⇒236(6).]

2. PLEADING ⊕⇒176 — SUPPLEMENTAL PETITION—SUBJECT-MATTER.

Under Rev. Civ. St. art. 1829, as amended by Acts 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1829), providing that any defensive fact pleaded by a defendant shall be taken as confessed by the plaintiff if not denied, where the answer alleged contributory negligence, a supplemental petition, denying such allegation, was a proper pleading, though it contained a substantial repetition of the allegations as to the nature of the injuries, as to which no special exception was taken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 343, 345–353; Dec. Dig. ⊕⇒176.]

3. TRIAL ⊕⇒41(3)—RECEPTION OF EVIDENCE—EXCLUSION OF WITNESSES—DISCRETION OF COURT.

Where, after a minor for whose benefit suit was prosecuted by his next friend had finished his direct and cross-examination and was undergoing redirect examination, defendants invoked the rule for the exclusion of witnesses, the refusal to exclude the next friend was not an abuse of the discretion, in the absence of anything tending to show that the defendants were prejudiced.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 103; Dec. Dig. ⊕⇒41(3).]

4. TRIAL ⊕⇒85 — RECEPTION OF EVIDENCE — OBJECTIONS.

Admission of testimony of physician that plaintiff was very nervous, restless, and could not sleep at nights, over the objection that it was hearsay, was not error, the only portion that was hearsay being the reference to sleeping at nights.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. ⊕⇒85.]

5. APPEAL AND ERROR ⊕⇒692(1)—RECORD—QUESTION PLEADED FOR REVIEW—ADMISSIBILITY OF EVIDENCE.

Where a bill of exception does not show what answer was expected to a question, complaint as to the exclusion of the testimony cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905, 2906; Dec. Dig. ⊕⇒692(1).]

6. TRIAL ⊕⇒62(2)—RECEPTION OF EVIDENCE—ORDER OF PROOF.

Where plaintiff introduced the testimony of physicians as to the nature and extent of his injuries, and defendants attempted to refute this testimony by the testimony of another physician, the introduction by plaintiff of further testimony by physicians on rebuttal as to the nature and evidence of his injuries was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 149; Dec. Dig. ⊕⇒62(2).]

7. APPEAL AND ERROR ⊕⇒213—OBJECTIONS—SUBMISSION OF ISSUE.

Where the court, without objection from defendants either in the form of exception to the charge on a request for a peremptory instruction, submitted the issue of contributory negligence, this was an admission by defendants that the evidence justified such submission, and they cannot complain on appeal that there was no evidence to sustain the finding of the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1165, 1304–1308; Dec. Dig. ⊕⇒213.]

8. APPEAL AND ERROR ⊕⇒301—REVIEW—ESTOPPEL TO ALLEGE ERROR.

Under rule 25, Rules for the Courts of Civil Appeals (142 S. W. xii) requiring the specification of error to refer to that portion of the motion for a new trial in which the error is complained of, an assignment cannot be considered which is not found in the motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ⊕⇒301.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Arthur Bell, a minor, by his next friend, Jose Penaloza, against Caffarelli Bros. From a judgment for plaintiff, defendant appeals. Affirmed.

C. A. Keller and W. S. Anthony, both of San Antonio, for appellant. R. G. Cater, of San Antonio, for appellee.

SWEARINGEN, J. Appellee, Arthur Bell, a minor, having neither parent living and no guardian, by his next friend, Jose Penaloza, sued R. C. and F. P. Caffarelli, doing business as a partnership under the name 'of Caffarelli Bros., to recover damages on account of personal injuries alleged to have been sustained by the minor. The cause was tried with a jury upon the verdict of which the court rendered judgment for the appellee against appellants for $1,000. Appellants' amended motion for new trial was overruled by the court.

Appellee made substantially the following allegations:

"That plaintiff was riding upon a bicycle on the right side of West Commerce street, that is on the north side of said street going west, and that defendants' said servant was driving said wagon along and upon the same side of said street, and going in the same direction as plaintiff was going; that defendants' said servant was driving said wagon in pursuance of instructions of his said employers, R. C. Caffarelli and F. P. Caffarelli, and in the usual course of his employment; that said defendants' said servant was driving said wagon in a negligent and careless manner and at a negligent and high rate of speed, and that defendants' said servant saw this plaintiff, or by the exercise of ordinary care should and would have seen him; and that defendants' said servant drove said team and wagon upon and over plaintiff without warning and with a reckless disregard of the safety and the life of this plaintiff."

"Plaintiff alleges that by reason of the negligence of defendants and their said servants, as above set forth, he was severely and permanently injured, internally, and in the left side and lower region of the abdomen, and in his back and spine, and in his heart and nervous system; that as a result of his said injuries he has suffered mental anguish and severe physical pain, and that he will continue to suffer mental anguish and physical pain the balance of his life.

"Plaintiff says that his said injuries are the result of the negligence and carelessness of defendants and their said servant, as above stated, and that his said injuries are not due to any fault or negligence of this plaintiff."

Appellants answered substantially as follows:

"Appellants by their first amended original answer filed February 9, 1915, excepted generally to the sufficiency of the petition, and by special exceptions denied the sufficiency of the same, and denied categorically the allegations contained in paragraphs 1, 2, 4, 5, 6, 7, 9, 10, admit that plaintiff is a boy, but deny that his injuries, if any, were permanent, or that plaintiff's earning capacity had been seriously impaired, but alleged that plaintiff was in as good physical condition at the time of filing said first amended original answer as he was at the time of said alleged injury, and that he was at said time capable of earning as much money as at any time in his life; and defendants, further answering, say that if plaintiff was injured by any act or acts of any servant employed by them that said servant was acting beyond the reasonable scope of his authority and employment for which they were not liable. Defendants, further answering, denied that plaintiff had been damaged in any sum or amount for loss of wages as alleged in paragraph 9 of said first amended original petition; and defendants, further answering, denied that plaintiff had been damaged in any sum or amount as alleged in paragraph 10 thereof. Defendants, further answering, pleaded that plaintiff was guilty of contributory negligence at and before his injury, which was the direct and proximate cause of plaintiff's injury."

To the answer of appellants, appellee filed "Plaintiff's First Supplemental Petition," in which was alleged, substantially, the following:

"That by reason of the negligence and carelessness of defendants and their said servant, as set out in plaintiff's first amended original petition, he was severely and permanently injured, internally, in his heart, in his kidneys and bowels, and in the left side and lower region of the abdomen, and in his back and spine; that his back was twisted, wrenched, and sprained, injuring his spinal cord and nervous system; that his heart and nerves, his kidneys and bowels, do not perform their functions properly as a result of said injuries, and that his said injuries incapacitate plaintiff from doing any kind of hard work or manual labor; that as a result of his said injuries plaintiff has suffered severe physical pain and mental anguish; and that he will, as a result of his said injuries, continue to suffer mental anguish and physical pain the balance of his life; and, further replying to paragraph 8 of defendants' first amended original answer, alleged that plaintiff was injured by the negligence and carelessness of defendants' said servant, and denied that he was guilty of negligence which caused his injuries, and again prayed for judgment for his damages, and for relief, special and general, as prayed for in his first amended original petition."

[1] Appellants, by their first assignment, complain that the court erred in permitting appellee to interline in appellee's original petition the words "fifty" and "ten" in the blank space left for the amount of special damages for medical attention and drugs, respectively. This permission was within the discretion of the trial court and was, of course, the proper thing to do. "It was, we think, of the class of mere clerical error which we have heretofore held as amendable at any time." Austin & Clapp v. Jordan, 5 Tex. 130; Burdett v. Marshall, 3 Tex. 24; Gardner v. Alexander (Ky.) 181 S. W. 180; The first assignment is overruled.

[2] The second assignment says that it was error to permit appellee's supplemental petition to be read to the jury, and the reason given as to why such was error is that the supplemental petition contained allegations that should have been embraced in an amended pleading, and was not pertinent to a supplemental petition. This supplemental petition was filed March 19, 1915, at which time Rev. Civ. St. art. 1829, as amended in 1913, was in force. By that article any defensive fact pleaded by a defendant was taken as admitted by the plaintiff if not denied. The defendants, in answering plaintiff's original petition, by paragraph 7 of the answer averred that plaintiff was guilty of negligence which was the proximate cause of plaintiff's injury. To this allegation the appellee replied by the supplemental petition, the second paragraph of which specifically denied the allegation in the seventh paragraph of defendants' amended answer. The supplemental petition was therefore a proper pleading, made necessary by the statute in force at that time and until repealed by General Laws 1915, c. 101, § 3. It is true the supplemental petition contained a substantial repetition of the allegations showing the nature of the injuries, but no special exception was made to this particular portion of the supplemental petition. The second assignment is overruled.

[3] The third assignment is that after the minor, for whose benefit this suit was prosecuted by his next friend, Jose Penaloza, had finished his direct and cross-examination and was undergoing a redirect examination, the

minor being the first witness examined, appellants invoked the rule for the exclusion of witnesses. All witnesses were excluded except Jose Penaloza, the party who brought the suit as next friend, whom the court refused to exclude. This refusal of the court was excepted to and assigned as error requiring a reversal. As stated by Mr. Justice Neill in Railway v. West, 36 S. W. 102: .

"The right of parties litigant to have witnesses placed under the rule is 'subject to such judicious regulations, confided to the judge's discretion, as right and justice exact.' " Watts v. Holland, 56 Tex. 60.

We cannot say that the refusal of the trial court to exclude the party to the suit, as next friend, after the minor had given his testimony, in the absence of anything in the record tending to show that appellants were prejudiced thereby, was an abuse of the discretion confided to the trial judge, requiring a reversal of the judgment. Railway v. West, 36 S. W. 102; Rotan Grocery Co. v. Martin, 57 S. W. 706. The third assignment is overruled.

[4] The fourth assignment is that the court erred in permitting the witness, Dr. Parker, to testify that the plaintiff "was very nervous, restless, and could not sleep at nights" after defendants' attorney had asked the witness, "You don't know that only from what he tells you?" and the witness answered, "That's all." The witness, Dr. Parker, afterwards testified without objection that he knew that the plaintiff minor was very nervous and restless, and that he had fever. The only hearsay was that the boy could not sleep at nights, and this the witness afterwards explained he did not know of his own knowledge. The court might have excluded the portion of the testimony that the boy "could not sleep at nights," had the objection been to that portion of the testimony only; but the objection went to the portion of the testimony that was not hearsay as well, and should have been overruled. However, the admission of the hearsay testimony, in the face of a proper objection, would have been harmless error in view of the other testimony in evidence, and in view of the very slight importance of that particular symptom introduced in the testimony. Rule 62a (149 S. W. x); Railway v. Renfro, 83 S. W. 21; Railway v. Moore, 188 S. W. 24. The fourth assignment is overruled.

[5] Error is charged against the trial court in the fifth assignment because appellant was not allowed to ask his witness "whether or not it was possible for him to have avoided the collision as it occurred." The bill of exception does not show what the answer would have been. "Without being informed of what the answer of the witness would have been, we cannot tell that the appellant has suffered any injury by its exclusion." Fox v. Houston & T. C. Ry. Co., 186 S. W. 856. The fifth assignment is overruled, and for the same reason the sixth assignment is

overruled. The sixth assignment is without merit for the further reason that a question, not leading, was asked and answered on redirect examination.

[6] The eighth assignment complains that the court erred in permitting the plaintiff to introduce the testimony of a physician as to the injuries suffered by the injured plaintiff, over defendants' objection. Appellee had introduced the testimony of physicians to prove the nature and extent of appellee's injuries in opening the case. Defendants attempted to refute this testimony by the testimony of Dr. Withers in developing the defense. Then appellee introduced the testimony complained of as rebuttal of the attack on the issue of the nature and extent of the injuries. This seems to be proper practice. We quote from the opinion in Markham v. Carothers, 47 Tex. 27:

"This additional testimony was rendered proper by the effort of the plaintiff to discredit the statements of the witnesses originally introduced. Such additional testimony was a 'direct answer' to that produced on the part of the plaintiff; and the rule is said to be 'that anything may be given in evidence in reply, which is a direct answer to that produced on the part of the defendant.' Scott v. Woodward, 2 McCord, 161; Bouvier's Law Dic. Title Rebuttal. Tested by this rule, the evidence offered was evidence in rebuttal."

Moreover, it does not appear that the trial court, in the matter complained of, abused the discretion vested as to the order of the introduction of the testimony. Railway v. Williams, 136 S. W. 527. The seventh assignment is overruled.

[7] The eighth assignment is that the verdict is not sustained by the evidence in this: That the testimony shows that the plaintiff was guilty of contributory negligence which proximately caused the injuries, if any. Without objection from appellants, either in form of exception to the charge or a request for a peremptory instruction, the court submitted to the jury the issue of contributory negligence. This was an admission by appellants that there was evidence that justified the submission of the issue of contributory negligence, and appellants cannot complain, after the jury determined that issue, that there was no evidence to sustain the finding of the jury. Furthermore, there was evidence to support the verdict of the jury that the proximate cause of the injuries suffered by the plaintiff minor was the negligence for which appellants were liable, and the verdict is conclusive. The eighth assignment is overruled.

[8] The ninth assignment cannot be considered, because the assignment is not to be found in the amended motion for a new trial. Rule 25 (142 S. W. xii) Rules for the Courts of Civil Appeals; Freeman v. Railway, 182 S. W. 1158; Dawson v. Falfurrias State Bank, 181 S. W. 553.

The judgment is affirmed.