. SAN ANTONIO WATER SUPPLY CO. v. CASTLE et al. (No. 5906.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 28, 1917.)

1. WATERS AND WATER COURSES ⚙══195—MUNICIPAL WATER COMPANY—LIABILITY FOR ACCIDENT.

In an action against a waterworks company for injuries received when plaintiff stepped into a hole in the sidewalk where a cut-off box had been placed, evidence *held* insufficient to show that defendant placed in the· sidewalk the cut-off box or left it in the condition it was in at the time of the accident.

2. EVIDENCE ⚙══568(1) — CONCLUSIONS — EFFECT.

A conclusion by a property owner that defendant waterworks company or its predecessors in interest were bound to install service or cut-off boxes in such pipes, unsupported by any contract or ordinance requiring such installation, is of no probative weight.

3. EVIDENCE ⚙══568(1) — CONCLUSIONS — ADMISSION.

The admission in evidence of a conclusion of a witness as to the duties of a waterworks company, which in itself ·was of no probative effect, gains no value by reason of its admission.

4. PLEADING ⚙══36(7) — ADMISSIONS — WHAT CONSTITUTES.

A statement in an abandoned pleading in conflict with other allegations in the same pleading does not constitute an admission.

5. DEPOSITIONS ⚙══110—MOTION TO STRIKE.

An entire deposition cannot be excluded on motion to strike merely because portions of it consisted of the conclusions of the deponents.

6. TRIAL ⚙══256(1)—INSTRUCTIONS—DUTY TO REQUEST.

Where the general charge was correct as far as it went, although defendant was entitled to additional instructions, defendant is bound to request such additional instructions, and cannot raise the point by objections to the general charge.

7. TRIAL ⚙══251(8)—INSTRUCTIONS—REFUSAL.

In an action against a waterworks company for injuries claimed to have been received when plaintiff stepped into a hole made by a cut-off box, the company was entitled to have given an instruction presenting the defense that the defect was brought about by the action of another.

8. APPEAL AND ERROR ⚙══1172(1) — AFFIRMANCE IN PART.

In an action against two defendants, where plaintiff, who recovered against only one of them, did not complain of that portion of the judgment denying recovery, it will on appeal by the unsuccessful defendant be affirmed, though the judgment in favor of plaintiff was reversed and remanded.

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Isabella Castle and another against the San Antonio Water Supply Company and Ed. Dreiss, in which each of the defendants pleaded ɑ cross-action against the other for any damages which might be found for plaintiffs. From a judgment for plaintiffs against the first-named defendant, it appeals. Reversed and remanded.

Taliaferro, Cunningham & Birkhead and Augustus McCloskey, all of San Antonio, for appellant. C. C. Todd and Ernest Fellbaun, both of San Antonio, for appellees.

MOURSUND, J. Harry Castle and wife, Isabella, sued the San Antonio Water Supply Company, hereinafter styled Water Company, and Ed. Dreiss, the first being a public service corporation engaged in supplying water to the citizens of San Antonio, and the second being the owner of the property abutting on the sidewalk on which the injury claimed is alleged to have been sustained. It is first alleged that defendants placed and maintained a water pipe from the main of the Water Company to the property of defendant Dreiss. It is then alleged that "there was maintained" in front of said property a cut-off box depressed in the sidewalk leaving a hole in which plaintiff Isabella Castle stepped while walking along the sidewalk at night on April 19, 1913, causing her to fall and sustain serious and permanent injuries. The Water Company is then charged with three separate acts of negligence, as follows: (a) Placing said box in the sidewalk in a dangerous manner; (b) maintaining said box in the sidewalk in a dangerous condition; (c) permitting the hole to remain in the sidewalk where same was constantly crowded, thereby causing extreme danger. It is then charged that Mrs. Castle's injuries were solely and directly caused and contribu uted to by said acts of negligence. Plaintiff next alleged that defendant Dreiss was guilty of the same acts of negligence charged against the Water Company. Plaintiffs also pleaded a criminal ordinance of the city providing a fine upon property owners who might fail to keep sidewalks in front of their property in repair, and the violation of said ordinance by Dreiss. It was then charged that the injuries complained of were caused solely by the said wrongful and negligent acts of. defendant Dreiss.

Defendant Dreiss answered by a general denial, and specially denied that ·he was the owner of the service pipe, and that he installed or maintained the pipe and box, or that he was under any legal obligations to

do so. He alleged that the pipe and box were placed in the sidewalk without his knowledge or consent, and that the Water Company placed same in the sidewalk for its own sole use and benefit, and that, if the box was negligently installed, it was the negligence of the Water Company, for which he was not responsible. He denied that the box was negligently installed, and charged Mrs. Castle with negligence contributing to cause her fall.

The Water Company answered by general denial and special pleas as follows: (1) that plaintiff was injured, if at all, by reason of her own negligence, and that her negligence contributed to her injuries; (2) that it did not own or control the said supply pipe, cut-off, or stop box, and did not place or lay the same nor have them laid, and that they were not laid, maintained, or controlled for its use or benefit, and that it was in no way responsible for or interested in the same, but that they were installed and maintained by the owner of the premises for his benefit and were in his charge and control, and that it was his duty to maintain the same.

Defendant Water Company further alleged that it operated its plant and furnished water to private consumers by virtue of a right granted it by a contract ordinance of the city of San Antonio, Bexar county, Tex., setting out the said contract in full, under the terms of which contract it was obliged to furnish water at its main to any consumers who installed, provided, and maintained in good order service pipes from their premises to the main pipe of the Water Company, such service pipes being owned by such consumer; and when a consumer had installed such service pipes and proffered them to the Water Company it became the duty of said company to connect the service pipe to the water main and turn the water into same, such act of connecting and turning on the water being the sole and only acts of the Water Company in reference to said supply pipes. It further alleged that its contract and obligations to defendant Dreiss at the time of the alleged injury were those above stated and based upon and limited by the terms of its contract with the city of San Antonio. The water Company further pleaded that it did not own the sidewalk nor exercise any control thereof, and pleaded Revised Criminal Ordinances, § 10, p. 324, of the City of San Antonio, charging abutting property owners with the duty of maintaining the sidewalk in front of their premises.

Defendant Water Company further pleaded that defendant Dreiss, by reason of the fact that he had continuously for many years received water from defendant company under the terms of said contract, enjoying the benefits and abiding the terms of same, was estopped from denying, so far as said Water Company was concerned, his liability to keep and maintain said service pipes, stop boxes, etc., in good order and repair and safe condition.

The defendants each pleaded a cross-action against the other for any damages which might be found for plaintiffs.

The trial resulted in a verdict and judgment in favor of plaintiffs against the Water Company for $2,500, in favor of Dreiss against plaintiffs, and against the Water Company's cross-action.

[1-4] The Water Company appealed, and by its first six assignments of error presents questions relating to the sufficiency of the evidence. It complains of the refusal to give a peremptory instruction, and of the submission of the case to the jury, and finally contends that the evidence does not support the verdict and judgment. Under the charge of the court, in order to find against the Water Company, the jury was required to find that the "Waterworks Company" or the "San Antonio Water Supply Company," acting through its agents or employés, placed in the sidewalk the identical cut-off box which was in the sidewalk at the time Mrs. Castle is alleged to have sustained the injuries, and left it in the condition in which it was at the time of the alleged accident. No other issue was submitted as against the Water Company. We will briefly review the evidence relating to the issues submitted. The records in the office of the Water Company show that in 1879 Adolph Dreiss made application for water for his drug store, 119 Alamo Plaza, and that from that time on water was supplied to such building. The evidence fails to show whether the first service pipe from the water main to the building was laid by the company or the owner, and fails to show what the respective duties of the parties were at that time. In 1902 the Waterworks Company, the predecessor of appellant, made a contract with the city for ten years. This contract only bound the company to furnish water at its mains to such consumers as furnish and lay suitable and durable pipes to its mains and pay the actual cost of connection therewith. The company was operating under this contract in 1913, after its expiration, for the reason that no new contract was made until 1914. The records of the company did not show that the company or its predecessor ever had occasion to use the curb cut-off at the premises in question. The secretary of the Water Company testified that from 1902 to 1914 the company put in no service connections or boxes; that it did not put the cut-off box in front of the Dreiss property, and did not own it. However, his personal knowledge of the business and transactions of the company did not extend further back than 1902.

Defendant Dreiss testified by deposition that in 1877 a sidewalk composed of gravel and asphalt was laid in front of the premises in question, which lasted probably two or three years; that then a concrete sidewalk was put down, which had a waterbox even with the sidewalk; that it was changed

afterwards by taking out the box and replacing it with a "shut-off" and that was taken out by the Water Company. He was shown a photograph of the building and sidewalk, which disclosed a streak in the sidewalk running from the building straight across to the cut-off box and surrounding such box which plainly showed that repairs had been made to the sidewalk along the lines covered by the streak. He said he could remember nothing of a repair similar to that disclosed by the picture. He was sure he did not make it, and could not remember when it was made, so could not say whether it was made during the time his father and brother had the drug store. Afterwards he stated he could not remember if he made the repair above the water pipe, but was pretty sure that he did not. He then testified that he did not put in the cut-off box, and thought the Waterworks Company did it; he thought the cut-off box had been in the sidewalk 12 or 15 years; that it was placed in the sidewalk before 1890. On cross-examination he admitted that he did not see the repairs made upon the sidewalk around the cut-off box and over the pipe; that his statement to the effect that the Waterworks Company did it was merely his conclusion based upon the fact that he did not do it and upon his understanding that no one had the right to do the work except the Waterworks Company. Upon the witness stand he testified that he acquired a half interest in the property in 1897 and the other half in 1898; that from 1899 continuously until the trial the premises had been occupied by tenants, by his brother Adolph until 1906, and his nephew, Herman Dreiss, from then until the trial; that after Herman acquired the drug business it was still conducted in the name of A. Dreiss; that the drug business paid the water rent. He also testified that the streak in the sidewalk was there prior to 1890, but admitted that in his deposition he stated that he did not know when it was put there, and said: "If I did say that in my deposition, well, I guessed at it then probably like I did now."

Herman Dreiss testified there had always been a cut-off box in the sidewalk since he first came there in 1885; that he had no recollection of employing Krakauer in 1907 to repair water pipes. He recollected the occasion when pipe was laid across the sidewalk which resulted in the streak shown in the photograph, and said the patch around the cut-off box might have been made at the same time. He said the workmen dug down in front of the sidewalk and connected the pipe and brought it up, leaving the old pipe under the sidewalk and embedding the new pipe about four inches in the cement walk. He did not remember what year it was, but thought it was while he was working for his father. He did not know whether the hole complained of was made on that occasion or whether it existed theretofore, but that it

had been there ever since that repair was made. He testified there was a value in the basement which could be used to cut off the water.

The plaintiff introduced in evidence an abandoned answer of appellant which contained the statement that, if said pipe was not owned and installed by defendant Dreiss, it was owned and installed by the Waterworks Company. This statement was contained in a special answer and followed a general denial, and also followed a direct charge that the pipe was and is owned and controlled by the owner of the premises, and was installed by him, and the further allegation that the service pipe, plugs, cut-off, and contrivances at the place stated by plaintiff were installed by the owner or under his authority and control in accordance with the terms and conditions of the ordinance and contract dated June 13, 1902.

The appellant introduced in evidence an entry from the Permit Record of the city of San Antonio, showing that on December 30, 1907, permission was given to Krakauer & Piper to "repair water pipes, Adolph Dreiss, 119 North Alamo street, in sidewalk." The permit shows that the inspector for the city inspected the work. Permits had to be secured for work involving street or sidewalk.

J. M. Krakauer testified that he was engaged in the plumbing business under the name of Krakauer & Piper in 1907 and 1908; that he did some work at 119 North Alamo pursuant to an order from the Dreiss Drug Store over the telephone, and collected for his work at the drug store; that there was a leak in the cellar, and there was either no place to cut off the water inside the premises or else it would not work; that there was no curb box, so the sidewalk had to be taken up in order to get to the curb cock and cut off the water; that he obtained a permit from the city because he would have been subjected to a fine for taking up the sidewalk had he not done so; that his employé dug into the sidewalk following the pipe through and filled up the cut with cement, and he thought the photograph correctly showed the condition of the sidewalk when his employé completed the work; that the cut-off box was procured and installed by his employé; that he personally supervised the work; that the Waterworks Company had nothing to do with ordering the work or paying for it.

We conclude that the evidence wholly fails to show that the appellant placed in the sidewalk the cut-off box which caused Mrs. Castle's fall and left it in the condition in which it was at the time of her fall. An analysis of the testimony shows: · (1) That only Ed. Dreiss undertook to state that the Water Company, or rather its predecessor, had installed the box, and he admitted that he did not see it installed, and that his statement was a conclusion, based on the fact

that he did not have it installed, and on his understanding of the rights and duties of the Waterworks Company. There is no proof that under any contract or ordinance prior to 1914 the duty was imposed upon the Water Company, or any of its predecessors in business, to install service pipes or cut-off boxes in such pipes. His conclusion is not entitled to any probative force, and its admission in evidence does not add weight to it, if intrinsically it had none. Sharp v. Baker, 22 Tex. 315; De Garca v. Galvan, 55 Tex. 53; Henry ·v. Phillips, 105 Tex. 459, 151 S. W. 533; Webb v. Reynolds, 160 S. W. 152. (2) The statement in the abandoned pleading to the effect that the cut-off box was installed either by the owner or the Waterworks Company, appellant's predecessor, being in conflict with other allegations made in the same pleading, does not constitute any admission, and therefore adds nothing to plaintiffs' case. H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Hess v. Webb, 113 S. W. 618; Galveston & W. Ry. Co. v. City of Galveston, 186 S. W. 368. (3) The testimony of Krakauer to the effect that he and his employés were responsible for the condition of the sidewalk surrounding the cut-box and over the service pipe, is not contradicted by any one and the evidence with which it is sought to be destroyed is not of such character as to justify a reliable conclusion. Herman Dreiss did not recollect employing Krakauer, and he and Ed. Dreiss thought the streak in the sidewalk had been in existence before the time mentioned by Krakauer. Herman saw the work done, but did not remember in what year it occurred. Ed. Dreiss did not see it done, and practically admitted that he was guessing with regard to the time. Such testimony would not justify a reliable conclusion that the condition of the sidewalk with respect to the cut-off box was not caused by Krakauer's employés at the time stated by him. The corroboration of Krakauer's testimony furnished by the Permit Record cannot be explained away by saying that Ed. Dreiss owned the property, and not Adolph Dreiss. The business was run in the name of A. Dreiss, the street number corresponds, and there is no evidence that the permit could have related to any other property. (4) If there had been evidence showing that the conditions complained of by plaintiff existed prior to the time testified to by Krakauer, still there is no evidence that the Water Company or its predecessors created such conditions.

The assignments of error are sustained.

[5] By the seventh assignment complaint is made to the effect that the court erred in admitting the whole of the deposition of Ed. Dreiss and overruling the Water Company's motion to strike out such deposition. The ground relied on is that the deposition, in so far as defendant Dreiss undertook to testify that the Waterworks Company made the hole in the sidewalk, consisted of conclusions. The court would not be warranted in excluding an entire deposition merely on the ground that portions of it consisted of conclusions, and as the objection to it, and the motion to exclude, rest upon that ground, the assignment must be overruled. Railway v. Galbreath, 185 S. W. 901.

[6] The eighth and ninth assignments are overruled for the reason that they complain of the overruling of objections to the general charge, when they should have been directed at the refusal to give special ·charges. It is not contended that the general charge was not correct as far as it went, but that the Water Company had the right to have the jury instructed to find whether the evidence established the existence of a specified group of facts which, if true, would in law establish a defense, and instructing them, if they so found, then to find for the Water Company. This right had to be exercised by requesting a special charge under the practice existing prior to the enactment of the law requiring objections to be presented to the charge of the court before it went to the jury, and we believe that is still the proper practice.

The tenth assignment is overruled for the reasons given in overruling the eighth and ninth assignments.

[7] If the evidence had been of such a character as to go to the jury, that is, if there had been an admission that the Waterworks Company installed the cut-off box, or testimony to that effect, special charge No. 4 should have been given, as it affirmatively presented the Water Company's defense that in 1907 the cut-off box was taken out and put back in, and if the condition complained of by plaintiffs was then brought about by some one other than the Water Company, it would not be liable. Railway v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway v. Rogers, 91 Tex. 58, 40 S. W. 956. The eleventh assignment is, therefore, well taken, and must be sustained.

[8] No complaint is made by plaintiffs or the Water Company of the judgment in favor of defendant Dreiss, and the judgment of the trial court, in so far as it relates to plaintiffs' suit against Dreiss and the Water Company's cross-action against him, will be affirmed.

The judgment in favor of plaintiffs against the Water Company is reversed, and the cause remanded for another trial of the case pleaded by plaintiffs against said company.