SHULER v. CITY OF AUSTIN.    (No. 5858.)

(Court of Civil Appeals of Texas. Austin. Feb. 13, 1918.)

1. APPEAL AND ERROR ⊜═733—ASSIGNMENTS OF ERROR—GENERALITY.

An assignment of error that "the court erred in rendering a judgment contrary to law" is too general to be considered as a proposition within itself, and violates Rev. St. art. 1612, and rules 24, 25, and 26 for Courts of Civil Appeals (142 S. W. xii), as to necessity of assignments of error pointing out the specific error complained of.

2. APPEAL AND ERROR ⊜═742(6) — ASSIGNMENTS OF ERROR—GENERALITY.

An assignment of error that "the court erred in rendering a judgment contrary to law," not being sufficiently specific to be considered as a proposition, violates rule 30 (142 S. W. xiii), in that it is not followed by any proposition.

3. APPEAL AND ERROR ⊜═742(6) — ASSIGNMENTS OF ERROR—STATEMENT ACCOMPANYING ASSIGNMENT.

Plaintiff's assignment of error that "the court erred in rendering a judgment contrary to law," not being followed by statement showing what, if any, evidence was introduced to sustain the allegations of plaintiff's petition, violates rule 31 (142 S. W. xiii), in regard to briefing cases.

4. APPEAL AND ERROR ⊜═281(1)—ASSIGNMENT OF ERROR — PRESENTATION ON MOTION FOR NEW TRIAL.

An assigned error not called to the attention of the court in a motion for new trial cannot be considered.

5. APPEAL AND ERROR ⊜═729 — ASSIGNMENT OF ERROR—GENERALITY.

An assignment of error "because the court erred in instructing a verdict contrary to law," held to violate Rev. St. art. 1612, requiring dis-

---

tinct specification of errors and rules for preparing a cause and briefs (142 S. W. xii).

**6. APPEAL AND ERROR ☞729—ASSIGNMENT OF ERROR—GENERALITY.**

An assignment of error "because the court erred in charging the jury as follows," setting out a peremptory instruction, *held* to violate Rev. St. art. 1612, requiring distinct specification of errors, and rules for preparing a cause and briefs (142 S. W. xii).

**7. APPEAL AND ERROR ☞730(1) — ASSIGNMENT OF ERROR—GENERALITY.**

An assignment of error that the "court erred in failing to give the special charges," referring to them by number, *held* to violate Rev. St. art. 1612, requiring distinct specification of errors, and rules for preparing a cause and briefs (142 S. W. xii).

**8. APPEAL AND ERROR ☞263(3), 730(2)—SETTING OUT CHARGES REFUSED—ASSIGNMENT OF ERROR—EXCEPTION TO REFUSAL TO GIVE CHARGES.**

An assignment of error that "the court erred in failing to give the special charges," numbering them, was insufficient because the special charges requested and refused were not set out in the assignment itself, nor in the statement following the same, and because it did not appear that appellant excepted to the refusal of the court to give such special charges, as required by Rev. St. art. 2061.

**9. APPEAL AND ERROR ☞212 — ASSIGNMENT OF ERROR—OBJECTIONS TO CHARGE.**

An assignment of error to a peremptory instruction for appellee would not be considered; it not appearing that appellant objected to the giving of the charge complained of, as required by Rev. St. art. 1971.

Appeal from District Court, Travis County; Ireland Graves, Judge.

Action by W. P. Shuler against the City of Austin. From a judgment for defendant, plaintiff appeals. Affirmed.

W. J. Crider and Jno. R. Cox, both of Austin, for appellant. J. B. Rector, City Atty., and Hart & Patterson, all of Austin, for appellee.

JENKINS, J. This suit was brought by appellant to recover damages for injuries received by his wife and daughter, by reason of coming in contact with a guy wire charged with electricity, which it is alleged appellee negligently permitted a carnival company to place across a sidewalk in the city of Austin. At the conclusion of the testimony on behalf of appellant, the court peremptorily instructed a verdict for appellee. Appellant sets out in his brief four assignments of error, to the consideration of each of which the appellee has filed objection, for the reason that neither of them complies with the law and the rules prescribed by the Supreme Court with reference to assignments. These objections must be sustained.

[1] The first assignment of error is as follows: "The court erred in rendering a judgment contrary to law." This is too general to be considered as a proposition within itself. Houston v. Blythe, 71 Tex. 719, 10 S. W. 520; Railway Co. v. Montier, 61 Tex. 122; Railway Co. v. Irvine, 64 Tex. 529; Smelting Co. v. Conring, 33 S. W. 547. It is

in violation of article 1612, R. S., and of rules 24, 25, and 26 for the Courts of Civil Appeals (142 S. W. xii), as to the necessity of assignments of error pointing out the specific error complained of.

[2] Not being sufficiently specific to be considered as a proposition, it is in violation of rule 30 (142 S. W. xiii), in that it is not followed by any proposition. Cockrell v. Egger, 99 S. W. 568; Railway Co. v. Wafer, 62 Tex. Civ. App. 74, 130 S. W. 712; Chapman v. Brite, 4 Tex. Civ. App. 506, 23 S. W. 514; Adcock v. Creighton, 27 Tex. Civ. App. 243, 65 S. W. 42; Railway Co. v. Calnon, 20 Tex. Civ. App. 697, 50 S. W. 422.

[3] The assignment is not followed by a statement showing what, if any, evidence was introduced to sustain the allegations of plaintiff's petition. This is a violation of rule 31 (142 S. W. xiii) in regard to briefing cases. Chastain v. Hoskins, 168 S. W. 421; Havard v. Lumber Co., 125 S. W. 929; Settle v. Traction Co., 126 S. W. 15.

[4] There is nothing in appellant's brief to show that the attention of the court was called to the alleged error in a motion for a new trial, and for this reason, among others, the assignment of error cannot be considered. Jackson v. Hot Wells Co., 186 S. W. 247; Perry v. McNeill, 189 S. W. 120.

[5-8] The objections to appellant's first assignment of error, as above stated, are also applicable to his remaining assignments, which are as follows:

Second Assignment of Error. "Because the court erred in instructing a verdict contrary to law."

Third Assignment of Error. "Because the court erred in charging the jury as follows," setting out the same, which is a peremptory instruction to return a verdict for the defendant.

Fourth Assignment of Error. "The court erred in failing to give the special charges Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14."

The fourth assignment is insufficient for the additional reason that the special charges requested and refused are not set out in the assignment itself, nor in the statement following same. Yecker v. Traction Co., 33 Tex. Civ. App. 239, 76 S. W. 780; Railway Co. v. Laws, 61 S. W. 498; Ford v. Freeman, 168 S. W. 80; Armstrong v. Clem, 151 S. W. 576. And also it does not appear that appellant excepted to the refusal of the court to give such special charges as required by article 2061, R. S. Railway Co. v. Dickey (Sup.) 187 S. W. 188.

[9] The third assignment does not comply with the statute (article 1971, R. S.), in that it does not appear that appellant objected to the giving of the charge complained of, as required by article 1971, R. S. Railway Co. v. Dickey, supra, 187 S. W. 186–189. In Railway Co. v. Dickey, supra, it was held by the Supreme Court that, while it is not necessary to take a bill of exception to the general charge of the court, it is necessary to point out to the court, before the charge

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is read to the jury, the particular objections thereto, otherwise the same must be considered as waived. Many other cases might be cited to sustain the points herein decided, but as decisions on these points are so numerous, and of such long standing, and so uniform, we feel like apologizing for citing any authorities in this opinion. Our excuse for doing so is that as one or more of such errors continue to appear in briefs with great frequency to the present time, we hope (perhaps it is a vain hope) that by collecting in one case a number of authorities on these several points to, in some degree, prevent such errors in the future.

This court has never been technical in its enforcement of the rules in regard to briefs, preferring, where we can do so, to decide cases on their merits; but we have no authority to overrule the plain mandates of the statute, and of the rules prescribed by the Supreme Court for our government.

For the reason that the brief of appellant does not comply with the law, nor the rules in reference to briefs, the objections to appellant's brief are sustained, and the judgment of the trial court is affirmed.

Affirmed.