GREEN et al. v. HALL et al.   (No. 853.)

(Court of Civil Appeals of Texas.  El Paso. April 18, 1918.  Rehearing Denied June 6, 1918.)

1. APPEAL AND ERROR ☞759—MATTERS REVIEWABLE—ASSIGNMENTS OF ERROR.

Under Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that the assignments of error in the motion for new trial shall constitute the assignments of error, the appellate court will not consider assignments which have been reconstructed or are incorrectly copied in the brief, and present the questions raised in a new light.

2. APPEAL AND ERROR ☞294(1) — MATTERS REVIEWABLE—SAVING OBJECTION.

The correctness of the court's action in rendering a judgment in accordance with the verdict cannot be questioned on the ground that a finding was unsupported by the evidence where no move was made to set aside the verdict.

3. APPEAL AND ERROR ☞1003—FINDINGS OF FACT—PREPONDERANCE OF EVIDENCE.

The mere fact that a jury finding may seem to be against a preponderance of the evidence does not authorize the appellate court to set it aside.

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Suit by C. W. Hall and another against C. R. Green and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Walker & Burleson, of San Saba, and F. G. Morris and Jno. L. Dyer, both of El Paso, for appellants. Flack & Flack and Walters & Baker, all of San Saba, for appellees.

HIGGINS, J.  On November 28, 1914, W. J. Moore, by written instrument, leased to C. R. Green a tract of land upon which marble was located. The lease provided that it should become null and void if a quarry was not established on the land within two years from January 1, 1915, from which good, marketable marble was being taken in paying quantities.  Thereafter Moore forfeited the lease for alleged failure to establish a quarry upon the land within the time limited from which good, marketable marble was being taken in paying quantities. Moore then leased the land to C. W. Hall.

This suit was brought to recover the land by Moore and Hall against Green and sublessees of the latter. The case was tried before a jury upon special issues. The jury found that the defendants had not established a quarry upon the land within two years from January 1, 1915, from which good, marketable marble in paying quantities was being taken. Findings were also made in response to other issues submitted, but they were irrelevant, and it is not necessary to state same.

Upon the findings made judgment was rendered in favor of Hall and Moore. Motion for new trial was filed and overruled. Subsequent to the adjournment of court assignments of error were filed. Such assignments do not relate to any action or ruling of the trial court or judge, occurring subsequent to the rendition of the judgment, the filing of which is authorized by district court rule 101 (159 S. W. xi).

[1] Appellants present in their brief five assignments, copies of assignments, filed as stated, subsequent to adjournment of the trial court. The first four assignments so presented in the brief are neither true nor substantial copies of any assignments in the motion for new trial. They are entirely reconstructed, and present the questions raised in a different light from that in which they were presented to the trial court in the motion for new trial.

By chapter 136, Acts 33d Leg. p. 276 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), it is provided that the assignments in the motion shall constitute the assignments of error. We have no authority to disregard the plain meaning of this legislative provision, and it has been repeatedly held that the courts will not consider assignments which have been reconstructed, or are incorrectly copied in the brief. For the reasons indicated, the assignments cannot be considered. Edwards v. Youngblood, 160 S. W. 288; Mfg. Co. v. Walcowich, 163 S. W. 1054; Dees v. Thompson, 166 S. W. 56; Overton v. K. of P., 163 S. W. 1053; Smith v. Bogle, 165 S. W. 35; Coons v. Lain, 168 S. W. 981; Watson v. Patrick, 174 S. W. 632; Oil Co. v. Crawford, 184 S. W. 728; Irrigation Co. v. Buffington, 168 S. W. 21; Ruth v. Cobe, 165 S. W. 530.

[2] The fifth assignment is so near a true copy that we have decided to consider same upon its merits, though we would be well warranted in refusing so to do. This assignment in substance is that the court erred in rendering judgment for the plaintiffs, because the preponderance of the evidence shows that within two years from January 1, 1915, there was established on the land a quarry from

which good, marketable marble was being removed in paying quantities. And in support of this assignment the proposition is presented that, where the verdict of the jury is clearly against the preponderance of the evidence, it will be reversed on appeal, though the trial court has refused to set it aside.

There are two answers to this assignment. In the first place, the jury has made an adverse finding upon this issue, and it was not error for the court to render judgment in accordance with such finding. It could not properly render any other judgment. If the finding was unsupported by the evidence, it was appellant's duty to attack the verdict, and move to set it aside. They cannot question the correctness of the court's action in rendering a judgment in accordance with the verdict. Scott v. Bank, 66 S. W. 485; Crawford v. Wellington, etc., 174 S. W. 1004; Hayes v. Fur. Co., 180 S. W. 149; Ins. Co. v. Jesse French P. & O. Co., 187 S. W. 691; Ins. Co. v. Burwick, 193 S. W. 165.

[3] Furthermore, the mere fact that the finding may seem to be against a preponderance of the evidence does not authorize this court to set it aside. For the rule upon this subject, see Insurance Co. v. Fulghum, 177 S. W. 1008; Railway Co. v. Somers, 78 Tex. 439, 14 S. W. 779; Railway Co. v. Schmidt, 61 Tex. 282; Zapp v. Michaelis, 58 Tex. 275; Railway Co. v. Patterson, 173 S. W. 273. Under the evidence in this case, we do not think this court would be warranted in setting aside the finding of the jury, and reversing on that ground.

We have considered the first four assignments presented in the brief for the purpose of ascertaining whether they present fundamental error which would require reversal, though not properly assigned, and are of the opinion that they do not.

Affirmed.