NEELEY v. WHITE et al. (No. 1472.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 5, 1919.)

1. APPEAL AND ERROR ⊙⟿294(1)—REVIEW—SUFFICIENCY OF EVIDENCE.

Unless the point of the sufficiency of the evidence to support the jury's findings has been raised and the verdict attacked by motion for new trial in the lower court, it cannot be considered in the Court of Civil Appeals.

2. APPEAL AND ERROR ⊙⟿218(2) — ASSIGNMENT OF ERROR—FAILURE TO SUBMIT ISSUE.

Assignment of error complaining of court's failure to submit requested issue to jury, neither it nor statement under it showing that plaintiff in error requested submission of any such issue, and record not showing that charge of court was excepted to for failing to submit issue, cannot be considered.

3. APPEAL AND ERROR ⊙⟿281(1)—RIGHT TO ASSIGN ERROR—MOTION FOR NEW TRIAL—JURY CASE.

In jury trials filing of motion for new trial is prerequisite to appellant's right to assign error in Court of Civil Appeals.

Error from District Court, Dickens County; J. H. Milam, Judge.

Action between C. D. Neeley and H. L. White and others. To review judgment for White and others, Neeley brings error. Affirmed.

J. Ross Bell, of Paducah, for plaintiff in error.

G. E. Hamilton, of Matador, for defendants in error.

HALL, J. This was a trial in the court below before a jury. No motion for new trial was ever filed in that court.

[1] The first, second, and third assignments of error question the sufficiency of the evidence to support the findings of the jury. Unless this point has been raised and the verdict attacked by motion for new trial in the lower court, it cannot be considered here. Green v. Hall, 203 S. W. 1175; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Blackwell v. Vaughn, 176 S. W. 913; Wellborn v. Wellborn, 185 S. W. 1041; District Court Rule No. 71a (145 S. W. vii); Court of Civil Appeals Rules 24 and 25 (142 S. W. xii).

[2] The fourth assignment complains of the court's failure to submit a requested issue to the jury. This assignment is subject to the foregoing objections, and further that neither the assignment nor the statement under it show that plaintiff in error requested any such issue to be submitted; nor does the record show that the charge of the court was excepted to for failing to submit such an issue. This assignment cannot be considered. Water Supply Co. v. Castle, 199 S. W. 303.

[3] The same objection is urged to the fifth assignment of error and is sustained. Not only did plaintiff in error fail to file a motion for new trial, but no exceptions whatever were taken to the judgment or the findings of the jury. While it has been held that in a trial before the court without a jury the filing of a motion for new trial in the court below is not a prerequisite to the appellant's right to assign error in this court (Craver v. Greer, 107 Tex. 356, 179 S. W. 862), such is not the rule in jury trials (J. W. Jenkins' Son's Music Co. v. Truex, 204 S. W. 872; Shuler v. City of Austin, 201 S. W. 445; Vernon's Sayles' Civil Statutes, art. 1612; Caffarelli Bros. v. Bell, 190 S. W. 223; Jackson v. Houston Hot Well Co., 186 S. W. 247).

Defendant in error has by motion, and in his brief, moved this court to strike out the assignments and not to consider them. The motion is sustained.

We find no fundamental error in the record, and the judgment is therefore affirmed.